IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-00471-LTB-PAC

DANIEL B. TAYLOR

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY, a Delaware corporation,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

---

    This is an action for employment discrimination and retaliation and breach of implied contract. Plaintiff seeks to discover information which Defendant Hewlett-Packard Company ("HP") believes is confidential and/or proprietary business information or personnel information of other employees or former employees of HP. HP seeks to discover Plaintiff's financial information and/or medical information which Plaintiff believes is confidential and private. Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to

requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a) and includes electronic data. A draft or non-identical copy is a separate document within the meaning of this term.

3. For purposes of this Protective Order, "CONFIDENTIAL" information means information which is designated as "CONFIDENTIAL" by HP, Plaintiff, or by any third party from whom discovery is sought, where HP, Plaintiff or such third party, after review by counsel, reasonably and in good faith believes that the information contains or reflects data or information that: (a) implicates common law and statutory privacy interests of current or former employees of HP or the designating third party; or (b) constitutes a trade secret of HP or the designating third party, *see, e.g.,* C.R.S. § 7-74-102(4), or other applicable statutory or common law provisions; or (c) implicates Plaintiff's privacy interests as recognized by statute or common law.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for each;

(d)  the Court and its employees ("Court Personnel");

(e)  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

(f)  other persons by written agreement of the parties.

CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5.  CONFIDENTIAL information may also be made available to (a) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; and (b) deponents, witnesses, or potential witnesses, only after such persons have read and signed the Confidentiality Agreement contained at Exhibit A, attached hereto. Counsel for the party disclosing such CONFIDENTIAL information shall have the obligation to maintain such executed Confidentiality Agreements and shall make them available to review by the designating party upon request.

6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL."

7.  The parties or a third party may designate portions of testimony given at any deposition, hearing, or trial as CONFIDENTIAL by indicating on the record at the deposition, hearing or trial that the testimony then to be taken is CONFIDENTIAL as defined in this Protective Order. The parties or a third party may also designate information disclosed at such deposition as CONFIDENTIAL by notifying counsel, in writing, within fourteen (14) days after receipt of the transcript, of the specific pages and lines of the transcript which should be treated

as CONFIDENTIAL. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody or control. All deposition transcripts shall be treated as CONFIDENTIAL for a period of fourteen (14) days after receipt of the transcript. Counsel for the parties shall take all steps necessary to ensure that CONFIDENTIAL information contained in transcripts is not disclosed to any person not authorized in Paragraphs 4 and 5 to receive such CONFIDENTIAL information.

The parties shall have the right to exclude from such portions of depositions in which testimony containing CONFIDENTIAL information is being taken and to request the Court to exclude from such portions of hearings or trial (in addition to those otherwise excludable under the Federal Rules of Civil Procedure and any applicable local rule) any persons to whom disclosure of CONFIDENTIAL information is not authorized pursuant to Paragraphs 4 and 5 of this Protective Order.

8.     Nothing herein shall prevent disclosure beyond the terms of this Protective Order if HP, Plaintiff or the designating third party specifically gives written consent in advance to such disclosure, or if the Court, after notice to all parties, allows such disclosure.

9.     This Protective Order has no effect upon, and its scope shall not extend to each party's use of its own CONFIDENTIAL information.

10.    Subject to the requirements of D.C.COLO.LCivR. 7.2, the Clerk of the Court is directed to maintain under seal and *in camera* all materials filed with the Court including, *inter alia*, portions of transcripts of depositions, exhibits, briefs and memoranda, which contain CONFIDENTIAL information. To assist the Clerk, such information shall be filed with the Court in sealed envelope, endorsed with the title of the action, an indication of the nature of the

contents of such sealed envelope, the identity of the party filing the materials, and the words "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or the like. No such sealed documents shall be made public except upon further Order of the Court.

11. In the event that a party disagrees with any CONFIDENTIAL designation, counsel for the parties will try first to resolve such dispute on an informal basis. If necessary, application may be made to the Court for relief, and the party seeking relief shall have the burden of proving the necessity for such relief, except that the burden of proving confidentiality shall rest with the designating party. No party to this action shall be obligated to challenge the propriety of any CONFIDENTIAL designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. With respect to documents or transcripts of which only portions are designated as CONFIDENTIAL, either party may publish such documents or transcripts with all CONFIDENTIAL portions redacted.

12. Neither the entry of this Protective Order, nor the designation of any material as CONFIDENTIAL, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. Within three years after the final disposition of this litigation, including all appeals, all CONFIDENTIAL material and all copies thereof shall be (i) returned to the producing party, or (ii) destroyed with written confirmation of such destruction to be served on all parties and the producing party within such time.

14. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

15. Any person who makes or assists in making an unauthorized disclosure of

information designated CONFIDENTIAL pursuant to this Protective Order, shall be subject to certain penalty and punishment for contempt of court.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this __ day of April, 2007.

*s/Randall Willard*
Randall Willard
Willard & Associates, P.C.
315 W. Oak Street, Suite 501
Fort Collins, CO 80521
(970) 224-5678

*Attorney for Plaintiff*

*s/Kathleen E. Craigmile*
Kathleen E. Craigmile
Dirk T. Biermann
BENNINGTON JOHNSON
BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
(303) 629-5200

*Attorneys for Defendant*

DONE AND ORDERED this 26 day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-00471-LTB-PAC

DANIEL B. TAYLOR

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY, a Delaware corporation,

    Defendant.

## CONFIDENTIALITY AGREEMENT

I hereby certify my understanding that the material designated "CONFIDENTIAL" is being provided to me pursuant to the terms and restrictions of the STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION, entered _____, 2007 ("Protective Order") in the above-captioned action, that I have been given a copy of and have read that Protective Order, and that I am familiar with all of its terms and restrictions. I submit to the jurisdiction of this Court for enforcement thereof. I agree to use any CONFIDENTIAL information disclosed to me pursuant to that Protective Order solely for purposes of this litigation, and I further agree not to disclose any such material to any person, firm, or concern except as permitted under the Protective Order without the advance express written consent of the supplying party to this litigation or after further express Order of the Court. Furthermore, I understand that any unauthorized disclosure of information designated CONFIDENTIAL

pursuant to the Protective Order may subject me to penalty and punishment for contempt of court.

Dated: _____      Signed: _____
                                    Name:

STATE OF                  )
                          ) ss.
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this ___ day of _____, 2007 by
_____.

WITNESS my hand and official seal.

My commission expires:

_____
Notary Public