IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00471-LTB-KLM

DANIEL B. TAYLOR,

    Plaintiff(s),

v.

HEWLETT-PACKARD COMPANY,

    Defendant(s).

_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter comes before the Court on Defendant's Motion for Leave to Serve Subpoena and Take Preservation Deposition Re: Records of www.burningangel.com (Docket No. 23, Filed July 24, 2007).

    IT IS HEREBY **ORDERED** that Defendant's motion is **GRANTED in part**. Defendant is given leave to serve a subpoena on or until October 1, 2007.  The Court agrees that a subpoena is warranted here, however, **no further discovery shall be taken unless ordered by the Court.**  The additional evidence Defendant will seek via subpoena is relevant to the Plaintiff's credibility.  The Plaintiff testified in his July 9, 2007 deposition that he has never visited a web site with inappropriate content or sent an email with inappropriate content.  The discovery of an alternate email address used by Plaintiff (moutaindan57@aol.com) and his use of it on www.burningangel.com is directly relevant to the truthfulness of Plaintiff's testimony in his deposition.

    Defendant did not discover this additional evidence until after Plaintiff's initial deposition in March 2007.  As such, it was impossible for Defendant to question Plaintiff at that time regarding his use of the email address.  While Plaintiff had produced some information relevant to a document request seeking all post-termination job search documents, he admitted in his March 2007 deposition that he had failed to produce *all* documents relevant to that request.  Defendant received the remaining documents in late June 2007, including evidence of Plaintiff's use of mountaindan57@aol.com in his post-termination job search.  The Defendant did not discover Plaintiff's posting on

www.burningangel.com until after the original discovery deadline of June 29, 2007 expired. The discovery deadline was extended once until July 9, 2007 to enable Defendant to further depose Plaintiff on this production and other issues. Based on Plaintiff's July 9, 2007 deposition testimony that he did not visit sites with inappropriate content or send emails with inappropriate content, it is directly relevant to his credibility whether he visited and emailed www.burningangel.com.

Finally, the six factors set forth by the Tenth Circuit regarding the reasonableness of extending discovery weigh in favor of granting Defendant's motion to issue a subpoena. *See Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The six factors are: (1) the imminence of trial; (2) the existence of any opposition to extension; (3) prejudice to the nonmoving party; (4) the diligence of the moving party to obtain the evidence within the discovery deadline; (5) the foreseeability that additional discovery may be necessary in relation to the discovery deadline set by the district court; and (6) the likelihood that further discovery will lead to relevant evidence. The only factor that weighs in favor of the Plaintiff is his opposition to the motion. Plaintiff has not argued that he would be prejudiced by allowing additional discovery. The remaining factors fall squarely in Defendant's favor, particularly given Plaintiff's delay in producing relevant evidence and its impact on the credibility of his deposition testimony. In addition, the case is not set for trial until February 25, 2008.

IT IS FURTHER **ORDERED** that the Final Pretrial Conference scheduled for September 11, 2007 at 8:30 a.m. is **vacated** and **reset** for **October 30, 2007**, commencing at **11:00 a.m.** A final pretrial order shall be prepared by the parties and submitted to the Court no later than **October 23, 2007**.

IT IS FURTHER **ORDERED** that the Settlement Conference scheduled for September 21, 2007 at 1:30 p.m. is **vacated** and **reset** for **November 5, 2007**, commencing at **1:30 p.m.** The parties shall have until **October 29, 2007** to submit their confidential settlement statement to the Court.

Dated: September 4, 2007