# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### LEWIS T. BABCOCK, JUDGE

Civil Action No. 06-cv-00471-LTB

DANIEL B. TAYLOR,

      Plaintiff,

v.

HEWLETT-PACKARD COMPANY, a Delaware Corporation,

      Defendant.

---

# ORDER

---

This employment case is before me on Defendant, Hewlett-Packard Company's, Motion for Summary Judgment [**Docket # 27**] and supporting Brief [**Docket # 28**], Plaintiff, Daniel B. Taylor's, Brief in Opposition [**Docket # 39**], and Defendant's Reply [**Docket # 44**]. Oral arguments would not materially assist the determination of this motion. After consideration of the motion, pleadings, and the case file, and for the reasons stated below, I GRANT Defendant's motion as to Plaintiff's second claim for relief—age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") [**Docket # 1**]. Having no jurisdiction over the remaining Colorado state law claims, I DISMISS Plaintiff's state law retaliation and breach of implied contract claims without prejudice. *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138–39 (10th Cir. 2004).

## I. BACKGROUND

Plaintiff was hired by Defendant on June 30, 1980, and served in a variety of management-level positions until his discharge on September 10, 2004. Prior to November 2003, Plaintiff's job

included management of software development strategies between Defendant and Microsoft Corporation.  Pursuant to the duties of his position, Plaintiff raised concerns in early 2003 that prospective business strategies between the two corporations potentially implicated federal anti-trust laws.  In August 2003, Plaintiff was transferred to a different position within Defendant's corporation, resulting in a pay decrease of approximately $11,000.00 per year.

In August 2004, Plaintiff was alerted he was being investigated pursuant to a complaint from female coworkers that he had created a hostile work environment by sending sexually suggestive, pornographic, and otherwise inappropriate emails.  A forensic analysis of Plaintiff's office computer confirmed these complaints and further revealed Plaintiff had used Defendant's equipment to visit sexually explicit websites in violation of corporate policy.

Plaintiff was subsequently terminated on September 10, 2004, for violating Defendant's policies regarding visiting sexually explicit websites, sending sexually inappropriate emails, and otherwise creating, viewing, distributing, and storing sexually explicit materials using Defendant's computer system.  At the time, Plaintiff was 46 years old.  Plaintiff's position was eventually filled by a 33 year old coworker.

## II.  STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary.  *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment is not proper if—viewing the evidence in a light most favorable to the non-moving party and drawing all

reasonable inferences in that party's favor—a reasonable jury could return a verdict for that party. *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

The non-moving party has the burden of showing there are specific issues of material fact to be determined. *Celotex*, *supra*, 477 U.S. at 322. It is not enough that the evidence be merely colorable; the burden is on Plaintiff to come forward with specific facts showing a genuine issue for trial. *Id.*; *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). I shall grant summary judgment, therefore, only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); FED. R. CIV. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden." *Liberty Lobby*, *supra*, 477 U.S. at 254. The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Id*. Accordingly, in an employment discrimination case, the non-moving party must show material facts in dispute by a preponderance of the evidence in order to defeat a motion for summary judgment. Plaintiff meets this burden if he sets forth evidence that—if believed by the ultimate factfinder—makes the question of Defendant's wrongdoing more likely than not. *See*, *e.g.*, COLO. JURY INSTR., CIVIL 3:1 (2006) ("To prove something by a 'preponderance of the evidence' means to prove that it is more probably true than not.").

3

## III.  DISCUSSION

Plaintiff alleges three claims for relief: age discrimination, retaliation/wrongful discharge, and breach of implied contract.  Plaintiff's retaliation claim and breach of implied contract claim rest upon Colorado state law grounds.  Plaintiff does not allege diversity jurisdiction.  Thus, federal subject matter jurisdiction is premised on federal question jurisdiction under the ADEA. 28 U.S.C § 626(c)(1).

### A.  Age discrimination

In an ADEA case, I apply the three step burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973).  *See Hardy v. S.F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999).  A party's failure to meet the burden allocated to it under each step entitles the opposing party to summary judgment.  *See, e.g., Cordova v. West*, 925 F. Supp. 704, 708 (D. Colo. 1996) (discussing cases).

Plaintiff's age must actually have played a role in the employer's decisionmaking process and must have had a determinative influence on the outcome.  *Martin v. At&T Corp.*, 331 F. Supp. 2d 1274, 1290 (D. Colo. 2004).  Initially, the burden rests with Plaintiff to establish a *prima facie* case of discrimination.  *Hardy*, *supra*, 185 F.3d at 1079 n.2.  Plaintiff must show (1) he was over 40; (2) he was doing satisfactory work; (3) he was discharged; and (4) his position was filled by a younger person.  *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998).

If Plaintiff establishes a *prima facie* case, the burden then shifts to Defendant to "articulate some legitimate, nondiscriminatory reason" for its employment action.  *McDonnell Douglas*, *supra*, 411 U.S. at 802–03; *McKnight, supra*, 149 F.3d at 1128.  The proffered reason must be

4

sufficient to allow the conclusion—if taken as true by the factfinder—that there was a nondiscriminatory reason for the adverse employment action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). Credibility and persuasiveness are not considered at this step; Defendant need not persuade me that it was actually motivated by the proffered reason. *Id.*; *Farmer v. Colo. & S. R.R. Co.*, 723 F.2d 766, 768–69 (10th Cir. 1983).

Finally, if Defendant articulates a nondiscriminatory reason, the burden shifts back to Plaintiff to show that age was a determinative factor in Defendant's employment decision, or to show that Defendant's explanation was merely pretext. *McKnight*, *supra*, 149 F.3d at 1128. Plaintiff may do this by persuading me that a material question of fact exists whether a discriminatory motive was more likely than the motive proffered by Defendant, or whether Defendant's proffered explanation is unworthy of credence. *Id.* at 1129.

Defendant does not dispute that Plaintiff established a *prima facie* case of discrimination sufficient to overcome summary judgment. Defendant, in turn, articulated a nondiscriminatory reason for terminating Plaintiff: Plaintiff repeatedly violated Defendant's policies regarding the creation, viewing, distribution, and storage of sexually explicit materials using Defendant's computer systems. This claim therefore turns on whether Plaintiff meets his burden of showing by a preponderance of the evidence that a genuine issue of material fact remains as to whether age was a determinative factor in Defendant's decision to terminate him or whether Defendant's stated reason for his termination is pretextual. Plaintiff does not meet this burden.

Plaintiff's discussion of the third *McDonnell Douglas* prong clearly misstates and misinterprets the law: "Since Taylor makes a *prima facie* case under the ADEA, the jury should decide the issue of whether age discrimination was the motivating factor in Taylor's termination

of employment." [**Docket # 39**].  Under *McDonnell Douglas*, once Defendant proffers a

legitimate nondiscriminatory reason for Plaintiff's termination, Plaintiff has the burden of showing

that the tendered reason for his termination was not the genuine motivating reason, but rather was

a disingenuous or sham reason.  *McKnight*, *supra*, 149 F.3d at 1129 (citing *Reynolds v. Sch. Dist.*

*No. 1 Denver*, 69 F.3d 1523, 1535 (10th Cir. 1995)).  While summary judgment is not ordinarily

appropriate for settling issues of intent or motivation,  there is no dispute here that the articulated

reason for termination was legitimate.  *Setliff v. Mem'l Hosp. of Sheridan County*, 850 F.2d

1384, 1394 n.12 (10th Cir. 1988).  Thus, the burden is on Plaintiff to raise a genuine doubt about

Defendant's motivation.  *McKnight*, 149 F.3d at 1129.

Plaintiff proffers no evidence of animus based on his age, nor any evidence suggesting he

was fired for reasons unrelated to his misuse of Defendant's office equipment for viewing and

distributing sexually explicit materials.  Although Plaintiff stated in his deposition that there "was

a [sic] attitude prevalent in the company that HP was a slow-moving, stodgy company, and that

employees, younger, more energetic employees needed to come in to shake things up," he does

not allege this "attitude" was shared by those who participated in the decision to terminate his

employment, nor any other nexus between this "attitude" and his termination.  Abstract comments

and amorphous attitudes are an insufficient basis upon which to create a jury issue in an ADEA

case.  *See id.* at 1129; *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994).

Tellingly, Plaintiff completely fails to even allege pretext in any of his pleadings.  *See Johnson v.*

*United Parcel Serv., Inc.*, 117 F. App'x 444, 452 (6th Cir. 2004).  Plaintiff's ADEA claim fails as

a matter of law and summary judgment for Defendant is appropriate.  *Lucas, supra*, 909 F.2d

419, 420 (10th Cir. 1990); Fed. R. Civ. P. 56(c).

6

### B.  Subject Matter Jurisdiction

The pretrial dismissal of all federal law claims—leaving only state law claims—generally prevents me from reviewing the merits of the state law claims.  *McWilliams v. Jefferson County*, 463 F.3d 1113, 1117 (10th Cir. 2006).  In determining whether to apply the usual rule, I consider the factors outlined in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966): "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not a plaintiff's right.  Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . . . .  Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."

Granting summary judgment in favor of Defendant on Plaintiff's ADEA claim extinguishes the basis for federal subject matter jurisdiction.  *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998).  Plaintiff's retaliation claim and breach of contract claim rest on distinct issues of Colorado law and distinct facts.  In the interests of judicial economy, convenience, and fairness to litigants, these issues are best determined by a Colorado state court. I therefore decline to exercise pendent jurisdiction over Plaintiff's remaining claims.

**IV.  CONCLUSION**

Accordingly, Defendant's Motion for Summary Judgment [**Docket # 27**] is GRANTED as to Plaintiff's age discrimination claim.  Plaintiff's state law retaliation/wrongful discharge claim and breach of implied contract claim are DISMISSED without prejudice.


Dated: October __3__, 2007.

                                           BY THE COURT:


                                           ___s/Lewis T. Babcock_____
                                           Lewis T. Babcock, Judge