# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Action No. 06-cv-00471-LTB

DANIEL B. TAYLOR,

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY, a Delaware Corporation,

    Defendant.

___

# ORDER
___

This employment case is before me on Plaintiff, Daniel B. Taylor's, Motion for Review of Clerk's Award of Costs [**Docket # 55**], and Defendant, Hewlett-Packard Company's, Response [**Docket # 58**]. Oral arguments would not materially assist the determination of this motion. After consideration of the papers and the case file, and for the reasons stated below, I DENY Plaintiff's Motion for Review of Clerk's Award of Costs [**Docket # 55**].

On March 15, 2006, Plaintiff filed a complaint in this Court alleging three claims for relief—age discrimination under the ADEA, retaliation/wrongful discharge, and breach of implied contract—arising out of his September 10, 2004, termination of employment. On October 3, 2007, I granted Defendant's motion for summary judgment as to the ADEA claim and dismissed the remaining claims without prejudice for lack of jurisdiction [**Docket # 47**]. On November 8, 2007, the Deputy Clerk of the Court awarded Defendant $2,617.60 in costs [**Docket # 54**]. Plaintiff argues the $972.50 in costs awarded for fees incurred videotaping his deposition should not be recoverable.

The costs associated with videotaping a deposition are taxable under 28 U.S.C. § 1920(2), *see Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997), so long as they are reasonable in both price and necessity to the litigation. *Green Const. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 674 (D. Kan. 1994). Plaintiff does not contend the price of the videotaping was unreasonable, but only that the videotaping was unnecessary. I limit my review accordingly.

When a videotaped deposition is reasonably necessary for use at trial, the cost of making such videotape is taxable to the nonprevailing party. *See id.* at 677. The crux of Defendant's defense here lay in its assertions that Plaintiff visited pornographic websites and sent salacious emails using Defendant's office equipment—assertions Plaintiff denied. As Defendant notes, when the credibility of a plaintiff is a critical issue, a videotape of the plaintiff's deposition is useful for the purposes of examining and impeaching his testimony. Had this case proceeded to trial, the finder of fact could compare the timbre of Plaintiff's denial in his deposition with that asserted in court. In light of the obviously and inarguably false statements Plaintiff made in his deposition, it seems extremely unlikely that Defendant would have neglected to use the videotape for just this purpose. Plaintiff should not get to avoid the cost of videotaping his deposition simply because his case was dismissed before the inevitable use of the tape at trial. *See id.* (holding the costs of making a reasonably necessary videotape was taxable even if the tape was never used at trial).

Accordingly, Plaintiff's Motion for Review of Clerk's Award of Costs [**Docket # 55**] is DENIED.

Dated: January   24  , 2008.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge