# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Action No. 06-cv-00471-LTB

DANIEL B. TAYLOR,

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY, a Delaware Corporation,

    Defendant.

___

# ORDER
___

This employment case is before me on Defendant, Hewlett-Packard Company's, Motion for Attorneys' Fees [**Docket # 49**], Plaintiff, Daniel B. Taylor's, Response [**Docket # 53**], and Defendant's Reply [**Docket # 57**]. Oral arguments would not materially assist the determination of this motion. After consideration of the papers and the case file, and for the reasons stated below, I DENY Defendant's Motion for Attorneys' Fees [**Docket # 49**].

## I. BACKGROUND

On March 15, 2006, Plaintiff filed a complaint in this Court alleging three claims for relief—age discrimination under the ADEA, retaliation/wrongful discharge, and breach of implied contract—arising out of his September 10, 2004, termination of employment. On October 3, 2007, I granted Defendant's motion for summary judgment as to the ADEA claim and dismissed the remaining claims without prejudice for lack of jurisdiction [**Docket # 47**].

As stated in my October 3, 2007, order, Plaintiff established a *prima facie* case of age discrimination because (1) he was over 40; (2) he was doing satisfactory work; (3) he was

discharged; and (4) his position was filled by a younger person. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). I also found Defendant articulated "some legitimate, nondiscriminatory reason" for terminating Plaintiff. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973); *McKnight*, 149 F.3d at 1128. The proffered reason was sufficient to allow the conclusion—if taken as true—that there was a nondiscriminatory reason for the adverse employment action. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993).

I ultimately granted summary judgment in favor of Defendant because I found Plaintiff failed to meet his burden of showing age was a determinative factor in Defendant's employment decision, or that Defendant's explanation was merely pretext. *See McKnight*, *supra*, 149 F.3d at 1128–29; *Johnson v. United Parcel Serv., Inc.*, 117 F. App'x 444, 452 (6th Cir. 2004). Although Plaintiff stated in his deposition that there was an "attitude" at HP that "younger, more energetic employees needed to come in to shake things up," he did not allege any nexus between this "attitude" and his termination other than the comments themselves. Abstract and amorphous comments form an insufficient basis upon which to create a jury issue in an ADEA case. *See id.* at 1129; *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994). Accordingly, I held Plaintiff's ADEA claim failed as a matter of law and summary judgment for Defendant was appropriate. *See Lucas, supra*, 909 F.2d at 420; FED. R. CIV. P. 56(c).

Defendant filed the present motion for attorney fees on October 17, 2007. Defendant argues it should be awarded attorney fees in the amount of $97,256.00 incurred defending the ADEA action in this Court. Defendant claims Plaintiff brought his ADEA claim in bad faith and without sufficient evidentiary basis.

2

## II.  DISCUSSION

In the United States—under the so-called "American Rule"—the prevailing litigant is ordinarily not allowed to collect attorney fees from the nonprevailing party. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1980).  Although this rule can be altered by statute, *see id.* at 257, 261–63, the ADEA is not such a statute. *Hughes v. Regents of Univ. of Colo.*, 967 F. Supp. 431, 441 (D. Colo. 1996) (citing *E.E.O.C. v. Hendrix Coll.,* 53 F.3d 209, 211 (8th Cir.1995)).  Accordingly, courts awarding attorney fees to prevailing defendants in ADEA cases have done so only upon a showing that plaintiff litigated the action in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.*; *cf. Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1238 (10th Cir. 1999).

Although the precise contours of the "bad faith" exception in ADEA cases have not been defined in this Circuit, case law construing the exception in other contexts is instructive.  An award of attorney fees under the bad faith exception to the American rule is punitive, and the penalty can be imposed only in narrow and exceptional cases and for dominating reasons of justice. *Cornwall v. Robinson*, 654 F.2d 685, 687 (10th Cir. 1981).  Invocation of the bad faith exception requires more than a showing of a weak or legally inadequate case and should not be grounded in findings of negligence or improvidence. *Id.*  Instead, an award of attorney fees is only appropriate when the claim brought is "entirely without color" and has been asserted "for the purposes of harassment or delay, or for other improper reasons." *Sterling Energy Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984) (citing *Browning Debenture Holder's Comm. v. DASA Corp.*, 560 F.2d 1078, 1088 (2d Cir. 1977)).  The fact that a plaintiff did not

prevail does necessarily mean these criteria are met. *Montgomery v. Yellow Freight Sys., Inc.*, 671 F.2d 412, 414 (10th Cir. 1982).

In deciding whether an action is so lacking in merit as to justify awarding attorney fees to the prevailing defendant in an ADEA case, I initially ask whether the plaintiff established a *prima facie* case. *See Hughes*, *supra*, 967 F. Supp. at 439; *see also Bonner v. Mobile Energy Servs. Co., L.L.C.*, 246 F.3d 1303, 1304 (11th Cir. 2001). Before I may penalize Plaintiff, I must be persuaded that the record is devoid of any evidence of discrimination. *Montgomery*, *supra*, 671 F.2d at 414. Where there is some evidence of discrimination on the record, a finding of bad faith is usually inappropriate. *See id.*; *see also E.E.O.C. v. St. Louis-San Francisco Ry. Co.*, 743 F.2d 739, 744 (10th Cir. 1984) (holding that an award of attorney fees was inappropriate in light of the plaintiff making its *prima facie* case). A finding of subjective spite or animus on behalf of a plaintiff, however, may be sufficient to show bad faith even if a *prima facie* case of discrimination has been made. *See Hoover v. Armco, Inc.*, 915 F.2d 355, 357 (8th Cir. 1990).

The aforementioned standards for a prevailing defendant obtaining attorney fees under the ADEA are stringent and are not met by the facts of this case. *See Hughes*, *supra*, 967 F. Supp. at 441. Plaintiff made out a *prima facie* case of age discrimination supported by some admissible—albeit anemic—evidence of a corporate "attitude" that encouraged hiring younger workers. *Montgomery*, *supra*, 671 F.2d at 414; *Hughes*, 967 F. Supp. at 440; *see also Bonner*, *supra*, 246 F.3d at 1305 (holding an award of attorney fees was inappropriate where the plaintiff made out a *prima facie* case of discrimination, even though the evidence admitted at the summary judgment stage was "markedly weak"). There is no evidence of subjective animus or spite on

behalf of Plaintiff sufficient to overcome the presumption against awarding Defendant attorney fees in this case.

### III. CONCLUSION

Accordingly, Defendant's Motion for Attorneys' Fees [**Docket # 49**] is DENIED.

Dated: January   24  , 2008.

                              BY THE COURT:


                                 s/Lewis T. Babcock
                              Lewis T. Babcock, Judge